## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| SHANTE WATSON, on behalf of herself and others similarly situated,<br><br>                    Plaintiff,<br><br>    v.<br><br>FEDCHEX RECOVERY, LLC<br><br>                    Defendant. | Civil Case No.: 1:25-cv-01194<br><br>CLASS ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

Plaintiff Shante Watson ("Plaintiff") and Defendant Fedchex Recovery, LLC ("Defendant") and through undersigned counsel, hereby submit this Joint Preliminary Report and Discovery Plan.

1. **Description of Case:**

    (a)    **Describe briefly the nature of this action.**

    Plaintiff's Statement:

    Ms. Watson filed a class action complaint against FedChex Recovery, LLC, through which she asserts Defendant routinely violated the Telephone Consumer Protection Act ("TCPA") by delivering, or causing to be delivered, pre-recorded messages to cellular telephone numbers of individuals who had no relationship with Defendant, despite that being required by the TCPA.

There are no pending or previously adjudicated related cases.

<u>Defendant's Statement:</u>    Defendant denies plaintiff's allegations and specifically denies violating the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*.  Defendant has reviewed all possible telephone numbers it called, and it does not have a record of ever calling plaintiff's telephone number; accordingly, it did not, and could not have, violated the TCPA.

**(b)    Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

Plaintiff's Statement: Plaintiff maintains she has no prior relationship with Defendant, never signed up for any of their offerings or provided her consent to be called.  Nevertheless, she alleges received several recorded messages that said the following, *"You can get the details for your account and get any supporting documents as applicable by visiting* www.paymybalance.com*. You may also return my call at 800-979-8917 if you have any questions. This is an attempt to collect a debt."* Plaintiff alleges these calls were sent *en masse* to putative class members.

<u>Defendant's Statement:</u>  Plaintiff alleges that she is the subscriber to telephone number 678-XXX-5409 ("Number 5409").   Plaintiff alleges that Defendant called Number 5409 without consent using an artificial or prerecorded voice, therefore, violating the TCPA. Defendant has reviewed all possible telephone numbers it

called, and it does not have a record of ever calling Number 5409.  For these reasons,

Defendant denies that it violated the TCPA.

**(c)    The legal issues to be tried are as follows:**

1.    Whether Plaintiff or any similarly situated individuals can establish a claim under the TCPA (47 U.S.C. § 227(b)(3));

2.    Whether this action should be certified as a class action;

3.    Whether Plaintiff or any similarly situated individuals' claims are barred or limited by any defenses Defendant may have; and

4.    Whether Plaintiff or any similarly situated individuals are entitled to damages, and if so, the amount of the damages.

5.    Whether Defendant made a call to Plaintiff using an artificial or prerecorded voice;

6.    Whether Defendant placed a call to Plaintiff for an emergency purpose;

7.    Whether Defendant placed a call to Plaintiff with Plaintiff's prior express consent;

8.    Whether Plaintiff's telephone number is assigned to a cellular telephone service;

9.    Whether Defendant violated 47 U.S.C. § 227(b);

10.    Whether Defendant willfully or knowingly violated 47 U.S.C. § 227(b);

11.    Whether Plaintiff is entitled to actual monetary loss pursuant to 47 U.S.C. § 227(b)(3)(B);

12.    If so, the amount of such actual monetary loss;

3

13.     Whether Plaintiff is entitled to $500.00 in damages for each violation pursuant to 47 U.S.C. § 227(b)(3)(B);

14.     If so, the amount of violations for which Plaintiff is entitled to $500.00;

15.     If it is determined Defendant willfully or knowingly violated 47 U.S.C. § 227(b), whether Plaintiff is entitled to treble damages pursuant to 47 U.S.C. § 227(b)(3).

The parties reserve the right to amend, and/or add to this list of issue to be tried.

**(d)    The cases listed below (include both style and action number) are:**

(1)    Pending Related Cases:

None.

(2)    Previously Adjudicated Related Cases:

None.

**2.  <u>This case is complex because it possesses one (1) or more of the features listed below (please check):</u>**

|   |   |   |
|---|---|---|
| x | (1) | Unusually large number of parties |
|   | (2) | Unusually large number of claims or defenses |
| x | (3) | Factual issues are exceptionally complex |
| x | (4) | Greater than normal volume of evidence |
| x | (5) | Extended discovery period is needed |
|   | (6) | Problems locating or preserving evidence |
|   | (7) | Pending parallel investigations or action by government |
| x | (8) | Multiple use of experts |
|   | (9) | Need for discovery outside United States boundaries |
|   | (10) | Existence of highly technical issues and proof |
| x | (11) | Unusually complex discovery of electronically stored information |

4

3. **Counsel: The following individually-named attorneys are hereby designated as lead counsel for the parties:**

Lead counsel for Plaintiff:    Anthony Paronich
                                      Paronich Law, P.C.

Lead counsel for Defendant:    Kirsten Smith
                                        Sessions, Israel & Shartle, LLC

4. **Jurisdiction:**

Is there any question regarding this court's jurisdiction?

X   **Yes**          **No**

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

Defendant contends that Plaintiff lacks standing to bring the claims asserted in her Complaint based on *Spokeo, Inc. v. Robins*., 136 S. Ct. 1540 (2016); *Trichell v. Midland Credit Mgmt*., 964 F. 3d 990 (11th Cir. 2020); *Hunstein v. Preferred Collection & Mgmt. Servs*., 2022 U.S. App. LEXIS 25233 (11th Cir. Sept. 8, 2022)

and reserves the right to file a motion to dismiss for lack of subject matter jurisdiction.

5. **The names of necessary parties to this action who have not been joined and any questions of misjoinder of parties and inaccuracies and omissions regarding the names of parties.**

<u>**Parties to This Action**</u>:

(a)    The following persons are necessary parties who have not been joined:

<u>Plaintiff's Response</u>: To the extent Defendant used any vendor to send any of the subject pre-recorded calls, Plaintiff may add the vendor to this matter as a party-defendant once Plaintiff learns, through discovery, of the identity of any vendor used by Defendant and the extent to which the vendor participated in sending the telemarketing calls at issue.

<u>Defendant's Response</u>:  At this time, Defendant is unaware of any necessary parties.  However, such parties may be added later once Defendant identifies the account at issue.

(b)    The following persons are improperly joined as parties:

None.

(c)    The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

None.

(d)    The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6.    <u>Amendments to the Pleadings</u>:**

**Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15.  Further instructions regarding amendments are contained in Local Rule 15.**

(a)    List separately any amendments to the pleadings which the parties anticipate will be necessary:

None at this time.

(b)    Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.    <u>Filing Times for Motions</u>:**

**All motions should be filed as soon as possible. The local rules set specific filing limits for some motions.  These times are restated below.**

**All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later.  Local Rule 7.1A(2).**

      *(a)    Motions to Compel:*  before the close of discovery or within the extension period allowed in some instances.  Local Rule 37.1.

      *(b)    Summary Judgment Motions:*  within thirty (30) days after the close of discovery, unless otherwise permitted by court order.  Local Rule 56.1.

      *(c)    Other Limited Motions:*  Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

      *(d)    Motions Objecting to Expert Testimony:*  Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted.  Refer to Local Rule 7.2F.

      <u>Plaintiff's Statement</u>:  Plaintiff proposes and requests the deadline by which Plaintiff must file a motion for class certification be fourteen months from the date of entry of this Scheduling Order.

Plaintiff proposes and requests the deadline by which the parties must file dispositive motions should be sixty (60) days from the date the Court rules on Plaintiff's motion for class certification.

Plaintiff proposes and requests the below expert disclosure schedule:

Plaintiff to disclose expert(s) by February 2, 2026;

Defendant to disclose expert(s) and/or any rebuttal expert(s) by March 4, 2026; and

Plaintiff to disclose any rebuttal expert(s) by April 2, 2026.

The Plaintiff opposes any bifurcated discovery. As another federal court held earlier this year while rejecting bifurcated discovery in yet another TCPA case, "Because individual and class discovery overlaps, the difficulty of drawing the line between the two is likely to cause further discovery disputes and place greater demands on the Court's time. This result also implicates the third factor, judicial economy, and weighs against bifurcation." *Nock v. PalmCo Admin., LLC*, No. 24-CV-00662-RDB, 2025 WL 100894, at *3 (D. Md. Jan. 15, 2025).

Indeed, as another Court in Texas held on March 19, 2025 while rejecting a substantially similar bifurcation request from a TCPA defendant highlighting the signification overlap between merits and class certification discovery in a TCPA

case while providing an overview of relevant case law:

> As to class certification under Rule 23, the Supreme Court has instructed that "certification is proper only if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350-351, 131 S. Ct. 2541, 180 L. Ed. 2d 374 (2011) (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161, 102 S. Ct. 2364, 72 L. Ed. 2d 740 (1982)).

> And "[f]requently that 'rigorous analysis' will entail some overlap with the merits of the plaintiff's underlying claim" because "the class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Id.* at 351 (cleaned up).

> Considering *Dukes* and the "rigorous analysis" requirement for class certification, district courts have been reluctant to bifurcate class-related discovery from discovery on the merits. *See Ahmed v. HSBC Bank USA, Nat'l Ass'n*, No. EDCV152057FMOSPX, 2018 U.S. Dist. LEXIS 2286, 2018 WL 501413 (C.D. Cal. Jan. 5, 2018) (declining to bifurcate discovery in TCPA case and stating that "the distinction between class certification and merits discovery is murky at best and impossible to determine at worst"); *Chen-Oster v. Goldman, Sachs & Co.*, 285 F.R.D. 294, 300 (S.D.N.Y. 2012) (collecting cases).

> In another TCPA case, *Cardenas v. Resort Sales by Spinnaker, Inc.*, No. 9:20-cv-00376-RMG, 2021 U.S. Dist. LEXIS 34923, 2021 WL 733393 (D.S.C. Feb. 24, 2021), the Court found that bifurcation would not serve the interests of judicial economy given the plaintiff's "persuasive argument that the evidence needed to determine whether [they] have a claim substantially overlaps with [their] ability to represent a class under [Rule] 23." *Cardenas*, 2021 U.S. Dist. LEXIS 34923, 2021 WL 733393, at *3.

> Similarly, here, the undersigned already found that Folsom "may not avoid appropriate classwide discovery that is — as Bond persuasively

10

argues — necessary for a future class certification motion." Dkt. No. 28. And, so, the Court agrees with Bond that bifurcation would not promote efficiency because there is considerable overlap between discovery relevant to the merits of his individual claims and issues of class certification. *Accord True Health Chiropractic, Inc. v. McKesson Corp.*, 2015 WL 273188, *2-3 (N.D. Cal. 2015) (declining to bifurcate a TCPA class action and noting that individual and class discovery claims typically overlap).

And, in light of the bulk of authority discussing the lack of a "bright line" distinction between merits and class discovery, bifurcation could lead to avoidable, future disputes over whether a particular discovery request relates to the merits or to class certification. *See Quinn v. Specialized Loan Servs., LLC*, 321 F.R.D. 324, 327-28 (N.D. Ill. 2017); *see also City of Pontiac General Employees' Retirement System v. Wal-Mart Stores, Inc.*, 2015 U.S. Dist. LEXIS 79392, 2015 WL 11120408, *1-2 (W.D. Ark. 2015) (bifurcation may force the court to resolve "endless discovery disputes"); *True* Health, 2015 U.S. Dist. LEXIS 7015, 2015 WL 273188, at *3 (finding that bifurcation "raise[s] a slew of issues as to what discovery relates to the class, as opposed to the named plaintiffs, thereby causing additional litigation regarding the distinction between the two.").

And, so, considering the binding law from *Dukes* and persuasive authority from other district courts, the Court declines to bifurcate discovery in this case.

*Bond v. Folsom Ins. Agency LLC*, No. 3:24-CV-2551-L-BN, 2025 WL 863469, at

*2-3 (N.D. Tex. Mar. 19, 2025). This Court should hold the same.

<u>Defendant's Statement</u>:  Defendant requests that discovery be bifurcated into fact

discovery regarding the named Plaintiff's claims and into class discovery. The

11

reason is that Defendant does not have a record of calling Number 5409. It is Defendant's contention that there is no liability as to Plaintiff since it never called that number. As this Court has explained, bifurcation of discovery is appropriate where, like here, "resolution of a single issue may resolve the case and render trial on the other issue[s] unnecessary." *Newell v. Aliera Healthcare, Inc*., 2020 WL 13568762, at *2–3 (N.D. Ga. Apr. 6, 2020) (bifurcating discovery on the merits of the plaintiff's individual TCPA claim, followed by class discovery, where class discovery was not necessary to address factual issues that may be dispositive of the plaintiff's claims); *see also Leschinsky v. Inter–Continental Hotels Corp*., 2015 WL 6150888, at *1 (M.D. Fla. Oct. 15, 2015) (granting motion to bifurcate and initially limiting discovery to whether the calls the named plaintiff received were dialed manually and how many calls she received); *Physicians Healthsource, Inc. v. Janssen Pharmaceuticals, Inc.*, 2014 WL 413534, at *2 (D.N.J. Feb. 4, 2014) (granting motion to bifurcate where "a narrow, potentially dispositive issue exist[ed] concerning whether the faxes sent [were] informational and therefore not actionable under the TCPA," and this issue was "totally distinct from class issues").

**Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection:

None.

8. **Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

Plaintiff's Statement: The Plaintiff is amenable to a scheduling conference and opposes bifurcation, as discussed above.

Defendant's Statement: Defendant requests a scheduling conference. Defendant requests that discovery be bifurcated into fact discovery regarding the named Plaintiff's claims and into class discovery. The reason is that Defendant does not have a record of calling Number 5409. It is Defendant's contention that there is no liability as to Plaintiff since it never called that number.

9. **Discovery Period:**

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in Local Rule 26.2A, responses

to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

**Please state below the subjects on which discovery may be needed:**

<u>Plaintiff's Statement</u>: The Plaintiff anticipates that discovery will be needed on the requisites of Fed. R. Civ. P. 23 in order to support her anticipated motion for class certification as well as the merits of Plaintiff's TCPA claims in order to prepare for trial, or to oppose any summary judgment motion that the Defendant may file. The Plaintiff will seek from the Defendant, or third parties retained on its behalf, (1) ESI regarding the calls placed in this case and any purported leads related thereto; (2) email and other communications related to telemarketing and any relationship with a vendor who made calls for the Defendant; (3) ESI related to any purported consent to receive calls; (4) Defendant's policies and procedures concerning TCPA compliance; and (5) telemarketing complaints received by Defendant and their

responses thereto. Plaintiff intends to submit expert testimony relevant to class certification and that expert discovery prior to class certification will likely be necessary as a result.

Defendant's Statement:  Defendant anticipates discovery is needed regarding plaintiff's telephone bills, telephone records and telephone service.  The identity of all persons with knowledge of the facts alleged in the complaint.  Plaintiff's alleged damages.  All communication between Plaintiff and Defendant.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

Plaintiff's Statement:  Plaintiff does not believe that discovery should be conducted in phases.  Plaintiff currently does not anticipate that additional time may be needed.

Defendant's Statement:  Defendant requests that discovery be bifurcated into fact discovery regarding the named Plaintiff's claims and into class discovery. The reason is that Defendant does not have a record of calling Number 5409.  It is

Defendant's contention that there is no liability as to Plaintiff since it never called

that number.

10. **<u>Discovery Limitations</u>:**

What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.

None.

(b)     Is any party seeking discovery of electronically stored information?

☒   **Yes**      ☐   **No**

**If "yes,"**

**(1)**     The parties have discussed the scope of the electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

The parties have discussed the scope of discovery and have agreed to limit the

scope as follows:  The parties agree that there is not extensive electronic information

relative to this case.  The parties agree however to exchange discovery electronically

and will provide documents in pdf, and if necessary native format and/or searchable

PDFs.  If the parties cannot reach agreement on e-discovery issues, they shall jointly

seek guidance from the Court.

**(2)**     The parties have discussed the format for the production of electronically stored information (TIFF or .TIF files), Portable Document Format

16

(PDF) or native, method of production (e.g., paper or disk), and the inclusion or exclusion of the use of metadata, and have agreed as follows:

The parties have discussed the scope of discovery and have agreed to limit the scope as follows: The parties agree that there is not extensive electronic information relative to this case. The parties agree however to exchange discovery electronically and will provide documents in pdf, and if necessary native format and/or searchable PDFs. If the parties cannot reach agreement on e-discovery issues, they shall jointly seek guidance from the Court.

11. **<u>Other Orders:</u>**

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?**

The parties intend to seek a protective order of confidentiality.

12. **<u>Settlement Potential</u>:**

**(a)    Counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference on <mark>June 11, 2025</mark> and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.**

For Plaintiff:                          _/s/ Anthony Paronich_


For Defendant:                          _/s/ Kirsten Smith_

**(b)    All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

        x     A possibility of settlement before discovery.

        ☒     A possibility of settlement after discovery.

        ☐     A possibility of settlement, but a conference with the judge is

needed.

        ☐     No possibility of settlement.

**(c)    Counsel ☒ do** Click here to enter text. **do not intend to hold additional settlement conferences among themselves prior to the close of discovery.**

**(d)    The following specific problems have created a hindrance to settlement of this case.**

None at this time.

**13. <u>Trial by Magistrate Judge</u>:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

The parties ☐ **do** ☒ **do not** consent to having this case tried before a magistrate judge of this court.

Respectfully submitted in this 11th day of June, 2025

*/s/ Anthony I. Paronich*
Anthony I. Paronich (admitted *pro hac vice*)
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
anthony@paronichlaw.com
*Counsel for Plaintiff and the proposed class*

/s/ Kirsten H. Smith
Kirsten H. Smith (#702220)
SESSIONS, ISRAEL & SHARTLE, LLC
3838 N. Causeway Blvd., Suite 200
Metairie, LA 70002
Telephone: (504) 846-7943
Facsimile: (504) 828-3737
Email: ksmith@sessions.legal
*Attorney for Defendant, FedChex Recovery, LLC*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**

| | |
|---|---|
| SHANTE WATSON, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FEDCHEX RECOVERY, LLC<br><br>Defendant. | Civil Case No.: 25-CV-1194<br><br>CLASS ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

**(PROPOSED) SCHEDULING ORDER**

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

IT IS SO ORDERED, this _____ day of _____, 2025.

_____
UNITED STATES DISTRICT JUDGE