IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SHANTE WATSON, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FEDCHEX RECOVERY, LLC,<br><br>Defendant. | CIVIL ACTION FILE NO.<br><br>1:25-CV-01194-SCJ |

## SCHEDULING ORDER

This action is before the Court on the Parties' Joint Preliminary Report and Discovery Plan ("JPRDP"). Doc. No. [13]. In the filing, Plaintiff requests 14 months to file a motion for class certification. However, the deadline for filing class certification was 90 days from the date of filing the Complaint. See L.R. 23.1(B). This deadline expired prior to the filing of the JPRDP. Plaintiff offered no reason for an extension of the 90-days deadline, much less the required showing of good cause. Accordingly, this action will proceed as to Shante Wilson only.

Because this action will not proceed as class action, the Parties' dispute regarding the need for bifurcated discovery is moot. Accordingly, this action

shall be assigned to a six-month discovery track to end on December 10, 2025. Both fact and expert discovery shall be completed in this period. Dispositive motions shall be filed within 30 days after the close of discovery. If no dispositive motions are filed, the proposed consolidated pretrial order shall be filed no later than 30 days from the close of discovery.

The Parties shall not file routine consent motions for extension of time. Instead, **all efforts to complete discovery and motions practice within the time allotted by the Court is expected.** In the event a Party can show very good cause[1] for an extension of time, a motion detailing the circumstances shall be filed at least three days prior to the deadline at issue and should include the position of the opposing Party.

IT IS SO ORDERED this 12th day of June, 2025.

_____
HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE

---

[1] Very good cause does not include heavy workload, competing due dates, or personal obligations. This Court considers very good cause to be an unforeseen circumstance that cannot be avoided with due diligence.